IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLINTON VINCENT,#A0156151 | ) | CV. NO. 07-00162 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT AND |
| | ) | ACTION PURSUANT TO 28 U.S.C. |
| DETECTIVE MARK WIESE, et al., | ) | § 1915 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. § 1915**

Before the court is *pro se* Plaintiff Clinton Vincent's prisoner civil rights complaint, brought pursuant to 42 U.S.C. § 1983.[1] Vincent complains about incidents surrounding his arrest in 2001 resulting in his conviction in 2003. Vincent alleges that he has suffered a "miscarriage of justice" and "wrongful incarceration" due to Defendants' actions. (Compl. 1.)

Vincent names (1) Honolulu Police Detective Mark Wiese; (2) the Honolulu Police Department; (3) Robert Faleafine, Kuhio Gardens Apartment Manager; (4) the Urban Real Estate Company, (5) the Queen's Medical Center; (6) Deputy Prosecuting Attorney Scott Spallina; (6) the Office of the Prosecutor, Honolulu, Hawaii; (7) Winston D.M. Ling, Esq.; and (8) Doe Defendants 1-10, as Defendants to this action.

For the following reasons, the Court concludes that Vincent's claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Accordingly, the Complaint and action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1)

---

[1] Vincent is proceeding *in forma pauperis*.

for failure to state a claim.

## I. BACKGROUND[2]

Vincent alleges that all Defendants, while acting under the color of state law, conspired to deny him his constitutional rights of due process and to a fair trial, resulting in a "miscarriage of justice" and his alleged unlawful incarceration.

Vincent says that he was arrested on or about June 28, 2001, when the alleged conspiracy against him began. On or about May 23, 2003, Vincent was found guilty by jury trial of abuse of a family or household member, in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 709-906 (Supp.1999) (Count I); violation of an order for protection, in violation of Haw. Rev. Stat. §§ 586-5.5 (Supp.1998) and 586-11 (Supp.1999) (Counts II and III); assault in the second degree, in violation of Haw. Rev. Stat. § 707-711(1)(d) (1993) (Count IV); attempted assault in the first degree, in violation of Haw. Rev. Stat. §§ 705-500 and 707-710 (1993) (Count V); kidnapping, in violation of Haw. Rev. Stat. § 707-720(d) or (e)(1993) (Count VI); and assault against a police officer, in violation of Haw. Rev. Stat. § 707-712.5(1)(a) (1993) (Count VII).

On November 26, 2003, the Circuit Court of the First

---

[2] Vincent filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the present Complaint. *See Vincent v. State of Hawaii*, Civ. No. 07-00161 DAE. The facts herein are taken from the present Complaint, Vincent's Petition in 07-00161, and from *State v. Vincent*, No. 26255, 129 P.3d 1196, 2006 WL 473742 *unpub.*(Haw. Ct. App., Feb. 27, 2006). The Court does not, however, look beyond the allegations in the Complaint in dismissing this action.

Circuit ("circuit court") entered judgment and sentenced Vincent to concurrent terms of imprisonment of twenty years on Count VI, ten years on Count V, five years on Count IV, and one year on each of Counts I, II, III, and VII.  The Hawaii Intermediate Court of Appeals ("ICA") affirmed Vincent's conviction on February 27, 2006.

In his Complaint, Vincent alleges that (1) Defendant Wiese and other Honolulu police officers fabricated evidence of a blood-stained t-shirt which was later used against him at trial; (2) the Queen's Medical Center and its staff participated in this fabrication by providing the blood used to stain the t-shirt; (3) other Honolulu police officers planted evidence at the crime scene, including the implements he used to assault his ex-wife, including a soldering iron, a "multi-tool," an aluminum bike arm, and a door; (4) Defendant Faleafine, the apartment manager where the assault took place, conspired with the police officers by allowing them access to the apartment; (5) Deputy Prosecutor Spallina took part in this conspiracy to fabricate and plant evidence; and (6) Vincent's defense attorney was not only ineffective, but also violated unspecified rules, regulations, and constitutional mandates.

The Complaint is unclear whether Vincent is alleging the constitutional tort of false arrest/false imprisonment, and/or malicious prosecution, or if he is simply alleging that he has been wrongfully convicted and incarcerated.  In other words, it is difficult to discern whether Vincent is stating a

constitutional tort claim cognizable under § 1983, or if he alleges claims cognizable only in habeas jurisdiction, despite his claim for monetary relief. Vincent seeks unspecified compensatory and punitive damages and the costs for instituting this suit.

## II.  **LEGAL STANDARD**

Federal courts must screen all cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court must also dismiss a complaint or claim at any time, notwithstanding any fee that may have been paid, if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless

it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Vincent contends that he was unjustly convicted of assault based on fabricated evidence planted by the police, hospital staff where his ex-wife was treated after the assault, the apartment manager of his apartment, the deputy prosecutor, and other unnamed Doe defendants.  He claims that this resulted in his unjust conviction, or "miscarriage of justice," and his wrongful incarceration.  He also claims that his defense attorney violated unspecified rules and rendered ineffective assistance of counsel.  Vincent seeks monetary damages in this suit, and, in his concurrently filed petition for writ of habeas corpus on the same or similar bases, he seeks release from prison.  There are several problems with Vincent's claims, which the Court discusses below.

A.   <u>This Action is Barred by *Heck v. Humphrey.*</u>

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in his favor would necessarily impugn the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Thus, to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-487.

*Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489-90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed *sua sponte* without prejudice under 28 U.S.C. § 1915).

*Heck* generally bars all claims challenging the validity of an arrest, prosecution or conviction. *See Guerrero v. Gates*,

442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). It also bars claims which "necessarily imply" the invalidity of a conviction. *See, e.g.*, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a pretrial detainee barred by *Heck* because claim would necessarily imply invalidity of subsequent conviction).

Here, Vincent alleges that his assault conviction was unjust based on a conspiracy to fabricate evidence against him. Although Vincent seeks only monetary damages in this action, it is clear that success in this action would necessarily invalidate his underlying criminal conviction. It is also clear from the Complaint that Vincent's conviction has not been invalidated in any manner; his claims are therefore, barred by the *Heck* doctrine.[3]

---

[3] There are several other infirmities in Vincent's Complaint. First, it is unclear how the Queen's Medical Center, or its staff, Defendant Faleafine, the Urban Real Estate Company, or Defendant Ling acted under the color of state law, and are liable under § 1983. Moreover, Vincent's claim against Ling for ineffective assistance of counsel is not cognizable under § 1983 and must be asserted in a petition for writ of habeas corpus. Because the

B.   Vincent's Claims for False Arrest/False Imprisonment are Likely Time-Barred.

Further, even if Vincent's claims were not barred by *Heck*, those claims in the Complaint alleging false arrest or imprisonment appear time-barred by the applicable statute of limitation.[4]  The Supreme Court has recently held that the statute of limitation on a plaintiff's claims for damages, alleging false arrest/false imprisonment begin to run when "the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, --- U.S. ---, 127 S. Ct. 1091, 1100 (2007).  This is because these constitutional torts are defined as detention without legal process, and therefore, end "once the victim becomes held pursuant to [legal] process-when for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096 (emphasis deleted) (citing W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Law of Torts § 119, pp. 885-86  (5th ed. 1984)).  From that point, "any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of

---

Court finds the Complaint is barred by *Heck*, it does not reach these issues.

[4] The statute of limitation applicable to § 1983 actions in Hawaii is Haw. Rev. Stat. § 657-7, the two-year "general personal injury" provision.  *See Pele Defense Fund v. William Paty*, 837 P.2d 1247, 1260 (1992).  Federal law determines when a cause of action under Section 1983 accrues and the statute of limitations begins to run. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his or her action. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  The district court may sua sponte raise the issue of statute of limitation and dismiss the complaint as long as the defendant has not waived the issue. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

judicial process rather than the detention itself." *Keeton, supra* § 119, at 888. Thus, a false arrest/false imprisonment claim begins to run *before* the claimant is convicted, and can be filed at any time after the alleged false arrest occurred, as long as it is filed prior to the running of the applicable statute of limitation.

To avoid the possibility of filing a false arrest/false imprisonment claim after the statute of limitation has run, while the claimant is awaiting a determination in his or her criminal proceedings, the Supreme Court stated that the claimant could file a complaint alleging false arrest/false imprisonment prior to criminal proceedings commencing, and the district court may then "stay the civil action until the criminal case or the likelihood of a criminal case is ended." 127 S. Ct. at 1098 (citing Heck, 512 U.S. at 487-88). If the claimaint is acquitted, the civil suit would commence. If there is a conviction, however, and "if the stayed suit would impugn that conviction, *Heck* will require dismissal." *Wallace*, 127 S. Ct. at 1098.

Vincent was arrested in June 2001; he was convicted in May 2003, and judgment entered in November 2003. Vincent was obviously held pursuant to legal process at sometime prior to May 2003, when he was convicted, and he had, at the latest, two years from that date to file a false arrest/false imprisonment claim. *See* Haw. Rev. Stat. § 657-7. He did not do so, nor, in fact, could he do so, because these claims are barred by *Heck* until his

conviction has been overturned, expunged, or in some other manner invalidated.  Nonetheless, if Vincent's conviction is ultimately invalidated, the statute of limitation for any claims that he has relating to an alleged false arrest/false imprisonment, has now likely expired, although the Court does not so hold at this time.

This action is barred under *Heck*.  Accordingly, the Complaint is dismissed without prejudice to Vincent refiling a new complaint in a new civil rights action if his conviction is later invalidated.  Vincent should take note, however, of this Court's discussion relating to the statute of limitation on his false arrest/false imprisonment claims before he files such an action.  Because it is clear that amendment to this Complaint is futile, this dismissal is without leave granted to amend.

## IV. **CONCLUSION**

Plaintiff's complaint is DISMISSED without prejudice for failure to state a basis upon which relief may be granted.  This dismissal is without leave granted to amend.  This dismissal shall count as a strike against Vincent, pursuant to 28 U.S.C. 1915(g).  The Clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, April 9, 2007



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

*VINCENT v. WIESE, et al.*, Civ. No. 07-00162 HG; Order Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915; dmp/screening orders 07/Vincent 07-162 (dsm FTSC)